**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHERRY DELISLE,

        Plaintiff,

v.

SUN LIFE ASSURANCE CO. OF CANADA,

        Defendant.
_____/

CASE NO. 06-11761
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 19, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Attorney's Fees, Costs, and Interest [dkt 34]. The parties have fully briefed the motion. The Court finds that the parties have adequately set forth the relevant law and facts such that oral argument would not aid in the disposition of the instant motion. E.D. MICH. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the motion be decided on the briefs submitted. For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

**II. BACKGROUND**

Plaintiff originally filed a claim for disability benefits under the Employment Retirement Income Security Act ["ERISA"] in 2002. Defendant denied coverage based on its determination that she was not "actively at work" at the time of her disability. After exhausting administrative

remedies, Plaintiff brought suit in the Eastern District Court of Michigan where Judge Battani ruled that Plaintiff was actively at work at the time of her disability and remanded the case for administrative review as to whether she was totally disabled as defined by the policy. *Delisle v. Sun Life Assurance Co.* (*Delisle I*), No. 04-60163 (E.D. Mich. Sept. 30, 2005). On remand, Defendant determined that Plaintiff was not disabled and once again denied benefits. Plaintiff ultimately filed an amended complaint, which was reassigned to this Court. *Delisle v. Sun Life Assurance Co.* (*Delisle II*), No. 06-11761 (E.D. Mich. Oct. 12, 2007). On October 12, 2007, this Court determined that Defendant's denial of benefits was arbitrary and capricious. Accordingly, the Court remanded the action to the plan administrator for a computation of benefits.[1] Plaintiff now seeks attorney's fees totaling $46,940, costs of $3,350.46, and pre-judgment and post-judgment interest. These totals include fees attributable to both *Delisle I* and *Delisle II*. Defendant does not contest fees in the second suit but argues against the imposition of the majority of the fees incurred from *Delisle I* as well as the costs associated with electronic research and mediation.

### III. LEGAL STANDARD

Under the "American Rule," parties are required to pay their own attorney's fees and are not permitted to collect such fees from the opposing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 602 (2001). Congress has provided for the award of attorney's fees, however, in certain circumstances. In actions arising under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In determining whether attorney's fees are appropriate, the courts generally

---

[1] The facts of the underlying case are fully recounted in this Court's opinion, *Delisle II*, No. 06-11761, slip op. at 1–5, 12–16.

look to five non-dispositive factors:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award on other persons under similar circumstances;
> (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
> (5) the relative merits of the parties' positions.

*Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). These "*King*" factors represent a flexible approach to attorney's fees. *Moon v. UNUM Provident Corp.*, 461 F.3d 639, 643 (6th Cir. 2006). The Sixth Circuit has rejected the presumption that a prevailing plaintiff in an ERISA case should receive attorney's fees. *First Trust Corp. v. Fuston*, 410 F.3d 842, 851 (6th Cir. 2005).

The lodestar method for determining reasonable fees multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Supreme Court mandates that the fee applicant produce evidence "to justify the reasonableness of the requested rate." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Attorneys must maintain billing records in a manner that enables the court to review the reasonableness of the fees charged; vague or insufficient records may warrant a reduction by the court. *See Hensley*, 461 U.S. at 433. In the Sixth Circuit, district courts examine the prevailing market rate to determine the reasonableness of the requested rate. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979).

## IV. ANALYSIS

### A. KING FACTORS

#### *1. Bad Faith or Culpability*

3

Plaintiff argues that instances of Defendant's bad faith abound in this case. Specifically, Plaintiff alleges that Defendant "abused both the administrative review process under ERISA 503 and the court's remand to Plaintiff's severe detriment." In response, Defendant blames Plaintiff for the expenditure of substantial time and money by not consolidating the eligibility and disability issues from both lawsuits. To this end, Defendant argues that Plaintiff should have concurred in Defendant's motion for a stay during *Delisle I*. Defendant also observes that Judge Battani made three discrete rulings, two of which favored Defendant.[2]

A court's determination that a plan administrator's denial of benefits was arbitrary and capricious does not necessarily compel a finding that the administrator acted in bad faith. *See Heffernan v. UNUM Life Ins. Co.*, No. 02-3412, 101 Fed. Appx. 99, *109 (6th Cir. 2004). Courts have found bad faith, however, when the defendant "ignored evidence or selectively relied on information." *Crider v. Highmark Life Ins.* Co., No. 05-660, 2006 U.S. Dist. LEXIS 84564, at *5 (W.D. Mich. Nov. 21, 2006) (citing *Moon*, 461 F.3d at 643). In *Delisle I*, Defendant denied benefits based on the theory that Plaintiff was not actively at work on April 18, 2002–the date Defendant argued to be the date of disability. The Social Security Administration and Plaintiff's physicians, however, had determined that she was totally disabled as of April 17, 2002. Defendant's justification for using the April 18 date as the date of disability hinged on that being the first day on which Plaintiff experienced a loss of income. Such a "loss of income" prerequisite did not exist in the insurance policy and effectively marked an instance of Defendant rewriting the insurance policy.

---

[2] In *Delisle I*, Judge Battani ruled that 1) the insurance policy vested discretion in Defendant, thereby entitling Defendant to a more deferential standard of review; 2) Defendant's interpretation of the plan's eligibility standard was arbitrary and capricious; and 3) Defendant had not waived its right to contest Plaintiff's alleged date of disability. *Delisle I*, No. 04-60163, slip op. at 4–9.

Further, Plaintiff was under no obligation to assent to a stay in the proceeding. Judge Battani could have ordered the stay if she had deemed it appropriate, and Plaintiff's refusal to concur in the stay has no bearing on Defendant's culpability or bad faith. In advancing an argument based on nonexistent requirements from the insurance policy, Defendant demonstrated bad faith. Thus, this factor falls in Plaintiff's favor.

### 2. *Ability to Satisfy Award*

Based on the economic strength and vitality of Defendant relative to the award sought, this condition is satisfied in Plaintiff's favor.

### 3. *Deterrence*

Plaintiff argues that this case warrants deterrent action because Defendant engaged two federal courts by arguing two separate, baseless reasons for denial; because Defendant has violated ERISA in other cases recently; and because Defendant abdicated its role as fiduciary by forcing Plaintiff through a procedural ringer without justification. Defendant replies that deterrence is not warranted in this case and that it has successfully denied benefits in multiple suits in the past year.

Deterrent effects are "likely to have more significance in a case where the defendant is highly culpable." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). This *King* factor examines deterrence in relation to other similarly situated parties. Application of this factor thus centers on deterring similar actions by similarly situated parties rather than this particular Defendant. Here, Defendant's actions were calculated to avoid paying benefits to a plan beneficiary who produced significant evidence of her disability. ERISA fiduciaries are obligated to render decisions "solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1). Defendant betrayed its

fiduciary obligations, and this betrayal warrants deterrence for all insurance companies who, like Defendant, operate with the inherent conflict of interest between deciding plan eligibility and administering the plan's benefits.

### *4. Common Benefit*

Plaintiff concedes that she did not create a common fund. This factor, then, favors Defendant.

### *5. Relative Merits of the Parties' Positions*

Two different courts examining two different theories of denial by Defendant concluded that Defendant acted arbitrarily and capriciously. Those opinions adequately establish the baseless stances Defendant took with respect to Plaintiff's claim. Thus, the merits of the parties' positions favor Plaintiff.

The majority of the *King* factors favors Plaintiff and accordingly, costs and fees attributable to *Delisle I* should be awarded to Plaintiff.

## B. REASONABLENESS

Based on the experience of the attorney and the billing rates of comparable attorneys in this area, the Court finds that the billing rates claimed by Plaintiff's attorney (i.e., $200 / hour for his services and $50 / hour for paralegal services) are reasonable. Significantly, Defendant does not challenge these billing rates. Turning to the amount of time billed, the Court cannot determine exactly what happened on any particular day the attorney billed on this matter. The Court therefore has reviewed the docket, the instant motion, and the other filings in this matter in order to determine the number of hours that were reasonably necessary in this case. Based on the undersigned's review of the filings in this case, the undersigned's experience in presiding over litigation for the past

twenty-one years on this bench, and the undersigned's experience as a litigator, the Court concludes that 279.7 hours is a reasonable amount of time for a case that spanned three years. The Court does, however, note two exceptions.

First, the Court strikes three entries pertaining to a motion and brief to compel discovery by Z.M. Kwik, dated May 31, 2007, and June 1 and 4, 2007 (totaling 8 hours). No such motion was submitted to the Court. The Court thus strikes those eight hours of paralegal assistance.

Second, in its response brief, Defendant notes Plaintiff's noncompliance with Local Rule 7.1. Specifically, Defendant alleges that Plaintiff sought concurrence on the present motion only by leaving a voicemail message for Defendant's counsel on the afternoon of the same day on which the motion was filed. Defendant's counsel was out of the office on that particular day, yet Plaintiff filed the motion before any communication occurred between the parties. Tellingly, Plaintiff does not dispute the lackluster effort of obtaining concurrence but rather argues that the phone call was an "attempt at direct communication" and that discussion would not have yielded an unconditional concurrence. Local Rule 7.1(a) mandates that counsel seek concurrence. A party may not satisfy this mandate by retroactively declaring that a concurrence discussion would have been futile. The Court finds Plaintiff's attempt at concurrence unacceptable and thus strikes the 10.5 hours attributed to the present motion.

**C. COSTS AND FEES ON ADMINISTRATIVE REMAND**

The parties dispute whether costs and fees incurred during the administrative review that followed *Delisle I* can be properly recovered by Plaintiff. At the heart of this dispute are the parties' interpretations of *Wesley Seal v. John Alden Life Insurance Co.* In that case, the United States District Court for the Eastern District of Michigan contemplated "whether the Court may and ought

to award a claimant attorney fees incurred during proceedings held at the ERISA plan administrator level conducted during a post-suit, court-ordered remand for the purpose of considering additional information theretofore not presented to the plan administrator." 437 F. Supp. 2d 674, 676 (E.D. Mich. 2006). The court held "that the district court has discretion to award attorney fees under 29 U.S.C. 1132(g)(1) for proceedings conducted by a plan administrator pursuant to an order of remand to consider information after the suit has been filed." *Id.* at 676. In so holding, the court distinguished an earlier Sixth Circuit case that declared, "ERISA does not authorize recovery of attorneys' fees for work performed during the administrative exhaustion phase of a benefits proceeding." *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 456 (6th Cir. 2000). The *Wesley Seal* court distinguished its case from *Anderson* because the latter stood "for the proposition that pre-suit attorney fees may not be awarded for ERISA exhaustion efforts." *Wesley Seal*, 437 F. Supp. 2d at 684. In contrast, the remand at issue in *Wesley Seal* was ordered by the court at the request of the parties so that the administrator could consider new information that may not have been present in the administrative record. *Id.* at 685–86.

The present case does not fit comfortably into either *Anderson* or *Wesley Seal*. Unlike the former, the court ordered the remand after the suit was filed. Unlike the latter, the court ordered the remand for consideration of a different issue and closed the case in the interim. *Wesley Seal* did not explicitly state that its holding applied only where the district court retained jurisdiction over the matter. It did, however, cite favorably several cases that did so hold. In fact, the *Wesley Seal* court deferred to the rationale of the *Peterson* court, which held that "[w]here the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings, . . . ERISA authorizes the award of

8

associated costs." *Peterson v. Continental Cas. Co.*, 282 F.3d 112, 122 (2d Cir. 2002).

*Peterson*, *Anderson*, *Wesley Seal* and their progeny establish a framework for attorney's fees in ERISA remand actions. These cases reason that where a court remands a case for further fact-finding necessary to the case and resumes jurisdiction after that remand, attorney's fees are recoverable. By contrast, when a party proceeds through administrative channels prior to bringing suit, no fees are recoverable. In light of the *Wesley Seal* decision and its reliance on *Peterson*, this Court finds that fees incurred in ERISA remand proceedings can be recovered when the district court retains jurisdiction over the matter. Here, although the *Delisle I* court closed the case, the transcript from the motion hearing in which Judge Battani denied the plaintiff's motion for reinstatement reveals that Judge Battani intended for the case to return to her chambers: "You may do your . . . administrative appeal and file a new suit . . . assigned to me, if you object to whatever it is they decide." The remand proceedings, then, should have constituted a continuation of *Delisle I*. Accordingly, the Court permits recovery of the fees allocated to matters associated with remand proceedings.

In sum, the Court excises a total of 10.5 hours from Plaintiff's attorney's total and 8 hours from the paralegal assistance total. This yields a total of $44,440 ($41,840 in attorney's fees (209.2 hours x $200) and $2,600 in paralegal fees (52 hours x $50)).

**D. COSTS**

Defendant disputes the ability of Plaintiff to recover electronic research fees and mediation expenses. After reviewing the arguments of the parties and the materials submitted on these issues, the Court concludes that electronic research costs in the amount of $2,346.85 are reasonable but strikes the $522.75 allocated to the mediation fee.

E. **PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

Defendant does not object to Plaintiff's request for pre-judgment and post-judgment interest. Accordingly, the Court grants such interest.

## V. CONCLUSION

For the foregoing reasons, the Court holds that Plaintiff is entitled to the aggregate amount of $47,617.71 as an award of attorney's fees ($44,440) and costs ($3,177.71).

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Attorney's Fees and Costs is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: December 19, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 19, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290